UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20558-Civ-COOKE

IN RE:

FRANCISCO R. AMADOR

IN RE:

EDUVINA I. AMADOR
_____/

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

THIS MATTER is before me upon Petitioners' Petition for a Writ of Mandamus (ECF No. 1). I have carefully considered the Petition, the record, and the relevant legal authorities. For the following reasons, Petitioners' Petition is denied as moot.

### I.  BACKGROUND[1]

On August 24, 2017, the bankruptcy judge in Case No. 17-13315-RAM issued an order granting Petitioners' motion to dismiss their bankruptcy case on the condition they pay the reasonable attorneys' fees of the bankruptcy trustee. *See* BC ECF No. 106. The order specifically gave Petitioners a deadline by which to file any objections to the Trustee's Fee Statement, and provided that if Petitioners and Trustee's counsel could not agree on a reasonable fee and terms of payment, the Petitioners could file a motion. *Id.* Petitioners appealed that order to the district court in Case No. 17-CIV-23502-MGC, arguing that the order was a final appealable order, or alternatively, seeking leave to file an interlocutory appeal. *See* DC ECF No. 1. I determined the order was not a final order and declined to

---

[1] I take judicial notice of the documents filed in the related bankruptcy proceeding, Case No. 17-13315-RAM ("BC"), district court proceeding, Case No. 17-CIV-23502-MGC ("DC"), and court of appeals proceeding Case No. 17-13350 ("COA"). *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."). When citing to the record in the various cases, I will use the foregoing acronyms; where no acronym is used, the reference is to a document in the instant case.

1

consider their interlocutory appeal. DC ECF No. 17. Petitioners then filed a Notice of Appeal, appealing my order to the Eleventh Circuit Court of Appeals. DC ECF No. 18. On January 2, 2018, the Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction. ECF No. 1-2, 35. On January 9, 2018, the Trustee filed a Motion to Set Hearing on its Motion for Protective Order, Petitioners' Motion to Compel, and Trustee's Motion to Extend Time to File Section 727 Complaint. *See* BC ECF No. 144. On January 16, 2018, the bankruptcy court issued an Order Resetting Hearings and Setting Response Deadlines, which set hearing dates for the motions and response deadlines for Petitioners to respond to the Trustee's motions. *Id.* On January 22, 2018, Petitioners filed a Motion for Reconsideration of the Eleventh Circuit's order dismissing their appeal. *See* COA Motion. The Eleventh Circuit denied the motion on February 23, 2018. *See* COA Order.

Petitioners seek a writ of mandamus against the bankruptcy court judge, requiring the bankruptcy court judge to vacate the order resetting hearings or, alternatively, to stay the bankruptcy court proceedings pending appeal.

## II. DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies." *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (citing *Flast v. Cohen,* 392 U.S. 83, 94 (1968)). "With regard to mootness, the Supreme Court has explained 'a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "An issue is moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Friends of Everglades v. South Florida Water Management Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quoting *Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dept. of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000)).

Petitioners' entire claim for relief is premised on the notion that their appeal is still pending before the Eleventh Circuit. As discussed above, their appeal was dismissed on January 2, 2018. As such, even if Petitioners had proven that they met the extraordinary requirements to justify a writ of mandamus, a writ at this time would serve no meaningful purpose, as the bankruptcy court has jurisdiction to proceed with the case before it.

### III. CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** as follows:

1. Petitioners' Petition for a Writ of Mandamus (ECF No. 1) is **DENIED** *as moot*.

2. The above-styled cause is hereby **DISMISSED**.

3. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 28TH day of February 2018.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Francisco R. Amador*, pro se
*Eduvina I. Amador*, pro se